**SIANG PIOW LIU, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

**No. 06–73831.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 4, 2010.

Filed Nov. 10, 2010.

Siang Piow Liu, San Diego, CA, pro se.

David V. Bernal, Assistant Director, Jesse Matthew Bless, U.S. Department of Justice, Washington, DC, Chief Counsel Ice, Office of the Chief Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: WARDLAW and W. FLETCHER, Circuit Judges, and TIMLIN, Senior District Judge.*

MEMORANDUM **

Liu Siang Piow, a native and citizen of Malaysia, petitions for review of the Board of Immigration Appeals' decision finding his asylum application time-barred and denying withholding of removal. We deny the petition for review.

We lack jurisdiction to review the BIA's decision that an asylum application is untimely and not excused by changed circumstances unless the facts underlying the alleged change in circumstances are undisputed. 8 U.S.C. § 1158(a)(3); *Ramadan v. Gonzales,* 479 F.3d 646, 650 (9th Cir. 2007) (citing 8 U.S.C. § 1252(a)(2)). Liu alleged that the Malaysian government's monitoring of his internet activism consti-

---

* The Honorable Robert J. Timlin, United States District Judge for the Central District of California, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Circuit Rule 36–3.

tuted a changed circumstance. The immigration judge and the BIA did not credit Liu's testimony that any Malaysian agent monitored his postings. Therefore, the facts underlying the changed circumstances are disputed, and we must dismiss for lack of jurisdiction.

We deny the petition to review the BIA's decision denying withholding of removal. Substantial evidence supported the BIA's determination that Liu's testimony was not credible and that he did not establish that the Malaysian government was aware of his postings. Accordingly, Liu has failed to show that it is more likely than not that he will be persecuted based on his online postings.

The petition is **DISMISSED in part and DENIED in part.**

---

[***] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.